United States District Court
Southern District of Texas
**ENTERED**
November 17, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| RICHARD DALE SPARTA, JAIL #285748, § § § § § § § § § | |
| Plaintiff, | |
| VS. | CIVIL ACTION NO. H-25-4847 |
| THE REECE GROUP, | |
| Defendant. | |

### MEMORANDUM AND ORDER

Plaintiff Richard Dale Sparta (Jail #285748) filed this prisoner civil rights lawsuit under 42 U.S.C. § 1983 while in custody of the Montgomery County Jail. He alleges that The Reece Group, a plumbing company, wrongfully charged him for services he did not receive. Doc. No. 1. The Court has considered the pleadings and concludes that this case must be dismissed for the reasons that follow.

### I. Legal Standard

Because Sparta is a prisoner who proceeds *in forma pauperis*, the Court is required by the Prison Litigation Reform Act (the "PLRA") to scrutinize the complaint and dismiss the case, in whole or in part, if it determines that the action is frivolous, malicious, fails to state a claim upon which relief may be granted,

or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2)(B).

## II. Discussion

To state a claim under §1983, a plaintiff must "allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 108 S. Ct. 2250, 2254-55 (1988). The defendant must be a "person who may fairly be said to be a state actor," that is, one who is in fact a state official, one who "has acted with or has obtained significant aid from state officials," or one whose "conduct is otherwise chargeable to the State." Lugar v. Edmundson Oil Co., 102 S. Ct. 2744, 2753 (1982); *see also* Hernandez v. Maxwell, 905 F.2d 94, 95 (5th Cir. 1990) (citing Daniel v. Ferguson, 839 F.2d 1124, 1128 (5th Cir. 1998)).

Sparta alleges that The Reece Group used a stolen credit card to charge him $3092.44 for services that he did not receive. Doc. No. 1 at 2-3. He identifies The Reece Group as a plumbing company based on Dallas, Texas. Id. at 2. There is no allegation or indication that The Reece Group is a state actor acting under the color of law or that its actions can reasonably be charged to the state. Therefore, Sparta fails to state a viable claim under 42

U.S.C. § 1983 against The Reece Group, and that claim must be dismissed. *See* 28 U.S.C. § 1915A(b)(1).

To the extent that Sparta has alleged a state law tort action for conversion of his funds against the defendant, he has not established that complete diversity of citizenship exists between such parties that would confer upon this federal court jurisdiction over that claim. *See* 28 U.S.C. § 1332. In addition, the amount in controversy is less than that required to sustain a diversity action even if diversity of citizenship existed between the parties. The Court declines to exercise supplemental jurisdiction over a state law claim where all federal claims have been dismissed. *See* 28 U.S.C. § 1367(c)(3). Accordingly, Sparta's state law claim, if any, will be dismissed without prejudice for lack of jurisdiction. Such a claim may be pursued in state court.

### III. <u>ORDER</u>

Therefore, it is hereby

**ORDERED** that the plaintiff's claim under 42 U.S.C. § 1983 is **DISMISSED** with prejudice under 28 U.S.C. § 1915A(b)(1) for failure to state a claim on which relief may be granted; it is further

**ORDERED** that the plaintiff's state law claim, if any, is **DISMISSED** without prejudice for lack of jurisdiction; and it is

**ORDERED** that all pending motions are **DENIED as MOOT**.

The Clerk of Court will send a copy of this Order to the parties.

SIGNED at Houston, Texas, on this 14TH day of NOV., 2025.

_____
EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE